UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY,<br><br>Defendant. | Case No. 17 Civ. 6989 (RWS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT AS MOOT**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2822
Facsimile: (212) 637-2702

TALIA KRAEMER
Assistant United States Attorney
    - Of Counsel -

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND....................................................................................................2

ARGUMENT.............................................................................................................................7

I. This Action Is Moot Because the Administrative Stay Is No Longer in Effect ...................7

II. The Voluntary Cessation Doctrine Does Not Apply ............................................................8

III. The "Capable of Repetition, yet Evading Review" Exception Does Not Apply...............10

CONCLUSION........................................................................................................................11

## TABLE OF AUTHORITIES

**CASES**                                                       **PAGE**

*ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*,
    485 F.3d 85 (2d Cir. 2007) ............................................................................... 7

*Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*,
    705 F.3d 44 (1st Cir. 2013) .............................................................................. 8

*Am. Freedom Def. Initiative v. Metro. Transp. Auth.*,
    815 F.3d 105 (2d Cir. 2016) ............................................................................ 9

*California v. U.S. Bureau of Land Management*,
    277 F. Supp. 3d 1106 (N.D. Cal. 2017) ........................................................ 11

*Clean Water Action v. Pruitt*,
    --- F. Supp. 3d ---, 2018 WL 1865919 (D.D.C. 2018) ..................... 7, 8, 10, 11

*E.I. Dupont de Nemours & Co. v. Invista B.V.*,
    473 F.3d 44 (2d Cir. 2006) .............................................................................. 9

*Granite State Outdoor Advert., Inc. v. Town of Orange*,
    303 F.3d 450 (2d Cir. 2002) ............................................................................ 8

*Lamar Advert. of Penn, LLC v. Town of Orchard Park*,
    356 F.3d 365 (2d Cir. 2004) ....................................................................... 9, 10

*Larsen v. U.S. Navy*,
    525 F.3d 1 (D.C. Cir. 2008) ............................................................................ 9

*Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*,
    397 F.3d 77 (2d Cir. 2005) ............................................................................ 10

*Nat'l Ass'n of Home Builders v. Salazar*,
    827 F. Supp. 2d 1 (D.D.C. 2011) .................................................................... 8

*NRDC v. U.S. Nuclear Regulatory Comm'n*,
    680 F.2d 810 (D.C. Cir. 1982) .................................................................... 7, 8

*People of State of California v. San Pablo & T.R. Co.*,
    149 U.S. 308 (1893) ........................................................................................ 7

*Rio Grande Silvery Minnow v. Bureau of Reclamation*,
    601 F.3d 1096 (10th Cir. 2010) ................................................................... 8, 9

*Sierra Club v. Jackson*,
    833 F. Supp. 2d 11 (D.D.C. 2012) ............................................................................ 11

*Sussman v. Crawford*,
    548 F.3d 195 (2d Cir. 2008) ..................................................................................... 10

*Tawwab v. Metz*,
    554 F.2d 22 (2d Cir. 1977) ......................................................................................... 8

**STATUTES**

5 U.S.C. § 705 ................................................................................................................ *passim*

**RULES AND REGULATIONS**

Fed. R. Civ. P. 12(h)(3) ................................................................................................... 1, 11

10 C.F.R. § 430.27(a)(1) ....................................................................................................... 5

10 C.F.R. § 430.27(e)(2) ....................................................................................................... 5

10 C.F.R. § 430.27(j) ............................................................................................................ 6

**OTHER AUTHORITIES**

Energy Conservation Program: Test Procedures for Central Air Conditioners and Heat Pumps –
    Lifting of administrative stay,
    83 Fed. Reg. 39873 (Aug. 13, 2018) ............................................................... 3, 6, 7, 9

Notice of Petition for Waiver of Johnson Controls, Inc. From the Department of Energy Central
    Air Conditioners and Heat Pumps Test Procedure, and Notice of Grant of Interim
    Waiver,
    83 Fed. Reg. 40011 (Aug. 13, 2018) .......................................................................... 5

Defendant U.S. Department of Energy ("DOE"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## PRELIMINARY STATEMENT

This case is moot because the agency action NRDC challenges is no longer in effect. NRDC seeks judicial review of DOE's Administrative Stay under 5 U.S.C. § 705, which postponed the effective date of two provisions of the Test Procedures Rule.[1]  A.R. 1-5. As relief, NRDC requests a declaratory judgment that the Administrative Stay was unlawful, vacatur of the stay, and reinstatement of the Test Procedures Rule. Am. Compl. at 12-13. DOE has now lifted the Administrative Stay, and the formerly postponed provisions of the Test Procedures Rule have gone into effect. As a result, this Court cannot grant a judgment that would have a practical effect on the parties' legal rights, and any declaratory judgment regarding the Administrative Stay would be an impermissible advisory opinion. This action is therefore moot.

No recognized exception to mootness applies here. The exception for a defendant's voluntarily cessation of challenged conduct does not apply, because (1) there is no reasonable expectation that the challenged conduct will recur, and (2) interim events have eradicated the effects of the challenged conduct. There is no reasonable expectation that DOE will again postpone the effective date of the Test Procedures Rule. When DOE issued the Administrative Stay, DOE had determined that justice required the stay pending judicial review of a challenge to the Test Procedures Rule brought by Johnson Controls, Inc. ("JCI"). DOE concluded at that time that the Administrative Stay was warranted because of the rule's potential impacts on JCI and to

---

[1] Defined terms have the same meaning as in DOE's Motion to Dismiss or for Summary Judgment. Dkt. No. 30.

ensure that all manufacturers were on equal footing with JCI. However, DOE has since granted JCI an interim waiver from the two relevant provisions of the Test Procedures Rule pursuant to separate waiver authority provided by DOE regulations. DOE has also determined that the waiver process is a better way to ensure that other manufacturers operate on an even playing field. Any manufacturer whose products are similar to JCI's can likewise petition for a waiver and permission to use specified alternate test procedures, which will allow DOE to ensure that manufacturers of like products are using the same alternate test procedures. Accordingly, DOE has determined that the Administrative Stay is no longer necessary, and there is no reasonable expectation that DOE will reissue the Administrative Stay. Further, the withdrawal of the stay has eradicated the only effect of the challenged conduct—the delayed effectiveness of the relevant provisions of the Test Procedures Rule. Thus, the "voluntary cessation" exception to mootness does not apply.

Nor is this a case in which the challenged action is "capable of repetition, yet evading review." Under that doctrine, which applies only in exceptional circumstances, an otherwise moot claim remains justiciable if the claim concerns an action that by its nature is too short in duration for the claim to be fully litigated while the action is in effect, and there is a reasonable expectation that the same complaining party will be subjected to the same action in the future. Here, the Administrative Stay was not inherently too short term to undergo judicial review. And as described above, there is no reasonable expectation that NRDC will be aggrieved by a future Section 705 stay of the Test Procedures Rule. This case should therefore be dismissed as moot.

## FACTUAL BACKGROUND

As relevant here, the Test Procedures Rule requires manufacturers to test the energy efficiency of certain air conditioning units according to the test procedures applicable to outdoor

units that are not paired with a matching indoor unit, known as "outdoor units with no match." *See* A.R. 1-5. Shortly after the rule was published, JCI, which manufactures air conditioning units affected by the rule, sought relief from its requirements both in court and administratively.

First, JCI filed a petition for review of the Test Procedures Rule in the Seventh Circuit. A.R. 107-08. That petition remains pending. Since April 2017, the parties to the Seventh Circuit action have been in ongoing mediation under the Seventh Circuit's mediation program. A.R. 106; *see* Energy Conservation Program: Test Procedures for Central Air Conditioners and Heat Pumps – Lifting of administrative stay, 83 Fed. Reg. 39873, 39873 (Aug. 13, 2018) (noting that the Seventh Circuit litigation is "subject to ongoing mediation").

Second, JCI sought individualized relief from DOE. A.R. 68-103. On the same day it filed its Seventh Circuit petition, JCI petitioned DOE for a 180-day extension of time to comply with the Test Procedures Rule's requirements concerning representations about product efficiency. A.R. 98-103. Next, JCI petitioned DOE for a waiver and interim waiver from the two provisions of the Test Procedures Rule that would require JCI to test certain of its air conditioning units as "outdoor units with no match." A.R. 90-97. Finally, JCI asked DOE to administratively stay those same two provisions of the Test Procedures Rule under Section 705, pending the outcome of JCI's petition for review in the Seventh Circuit. A.R. 68-89.

Shortly after JCI petitioned for an administrative stay, DOE granted JCI its requested 180-day extension, until January 1, 2018, to comply with the representation requirements of the Test Procedures Rule. A.R. 66-67. In light of the extension, JCI asked DOE to hold its Section 705 stay request in abeyance. A.R. 64-65. However, later that month, JCI's competitor Lennox filed suit in the U.S. District Court for the Northern District of Texas, challenging DOE's grant to JCI of the 180-day extension and seeking an "emergency stay" of the extension. A.R. 9-15,

3

24-45. In seeking preliminary relief, Lennox argued that it would suffer substantial competitive harm because JCI's extension would "force[] [Lennox] to compete on an uneven playing field for six months." A.R. 41.

Four days after Lennox filed its emergency stay request, DOE issued an administrative stay under Section 705 postponing the effective date of the two rule provisions with respect to which JCI sought relief, pending judicial review of the Test Procedures Rule in the Seventh Circuit. A.R. 1-5. DOE explained that it was issuing the stay due to JCI's concerns about the impact of the two rule provisions on JCI and to ensure that all manufacturers were placed on equal footing with JCI. A.R. 4. On the same day it issued the stay, DOE published the Administrative Stay on its website and filed a notice of the stay in Lennox's Texas action. *See* A.R. 1-5; Declaration of Dorothy Cofield, Dkt. No. 32, ¶¶ 2-3; Notice of Administrative Stay Pending Judicial Review in the Seventh Circuit, ECF No. 18, *Lennox Int'l Inc. v. U.S. Dep't of Energy*, No. 17 Civ. 1723 (N.D. Tex. July 3, 2017). Two weeks after DOE issued the Administrative Stay, Lennox voluntarily dismissed the Texas case. Notice of Dismissal, ECF No. 22, *Lennox Int'l Inc. v. U.S. Dep't of Energy*, No. 17 Civ. 1723 (N.D. Tex. July 17, 2017).

On September 14, 2017, NRDC filed suit in this Court, challenging the Administrative Stay. Compl., Dkt. No. 1. NRDC filed an amended complaint on March 15, 2018. Am. Compl., Dkt. No. 25. NRDC alleges that the Administrative Stay was arbitrary and capricious, that DOE was required to follow notice-and-comment rulemaking procedures in issuing the stay, and that DOE issued the Administrative Stay too late. *Id.* ¶¶ 48-56. NRDC asks this Court to issue a declaratory judgment that DOE exceeded its statutory authority in issuing the Administrative Stay, to vacate the stay, and to reinstate the Test Procedures Rule. *Id.* at 12-13.

On June 5, 2018, JCI submitted to DOE an amended petition for waiver and interim waiver from the two provisions of the Test Procedures Rule affected by the Administrative Stay, updating JCI's earlier waiver petition. Notice of Petition for Waiver of Johnson Controls, Inc. From the Department of Energy Central Air Conditioners and Heat Pumps Test Procedure, and Notice of Grant of Interim Waiver, 83 Fed. Reg. 40011, 40015-25 (Aug. 13, 2018). Under DOE regulations, an entity may petition for a waiver of test procedure requirements if the procedures would lead to test results "so unrepresentative of [a product's] true energy . . . consumption characteristics as to provide materially inaccurate comparative data." 10 C.F.R. § 430.27(a)(1). While a waiver petition is pending, DOE may grant an interim waiver from test procedure requirements "if it appears likely that the petition for waiver will be granted and/or if DOE determines that it would be desirable for public policy reasons to grant immediate relief." *Id.* § 430.27(e)(2).

On August 3, 2018, DOE signed a notice, later published in the Federal Register, announcing JCI's amended waiver petition and soliciting public comment on the petition. 83 Fed. Reg. at 40011-14. The notice further announced that DOE was granting JCI's request for an interim waiver from the requirement that JCI test certain of its air conditioning units according to the procedures applicable to "outdoor units with no match." *Id.* at 40012. DOE explained that, based on its review of materials available to date, DOE understood that the units for which JCI sought a waiver are offered both as part of new, matched air conditioning systems and as replacement units for portions of old air conditioning systems. *Id.* DOE noted that JCI was proposing to evaluate its units in a manner representative of the units' true energy consumption when they are installed as new, matched systems, which is similar to how DOE test procedures treat air conditioning units that use different refrigerants than JCI's units but similarly

are sold both as new, matched systems and as replacement units. As a result, DOE determined that JCI's waiver petition would likely be granted and that public policy supported an interim waiver. *Id.*

Effective that same day, DOE lifted the Administrative Stay. 83 Fed. Reg. at 39873. In so doing, DOE explained that DOE had continued to evaluate JCI's initial and amended waiver petitions while the stay was in place and that the concerns that motivated the stay would now be addressed through the waiver process. *Id.* at 39874. In particular, DOE originally had determined that justice required issuing the Administrative Stay pending judicial review in the Seventh Circuit in order to (1) avoid significant economic impacts on JCI resulting from test procedures that JCI asserted would misrepresent its products' energy efficiency, and (2) ensure that all manufacturers were on a level playing field. *Id.*

The first of these concerns was alleviated by DOE's grant of JCI's interim waiver request, because while the interim waiver is in effect, JCI will be exempt from the relevant provisions of the Test Procedures Rule. Further, DOE noted that if it ultimately denies JCI's amended waiver petition after the public comment period, in so doing, DOE will have rejected JCI's contention that the challenged test procedures materially misrepresent the energy efficiency of JCI's products. *Id.* Either way, the concern that motivated the Administrative Stay will be addressed by the waiver process. *Id.*

DOE also explained that the second concern underlying the stay will be addressed by the waiver process. Any manufacturer whose products are comparable to JCI's can similarly petition DOE for a waiver of the relevant test procedure requirements. *Id.* In fact, under DOE regulations, if DOE ultimately grants JCI's amended waiver petition, all manufacturers of similar products will be *required* to submit their own waiver petitions. *Id.*; 10 C.F.R. § 430.27(j). DOE

further explained that it has determined that the waiver process can better address its concerns about market integrity, because under the waiver process, when DOE grants a waiver or interim waiver, DOE also approves the use of specified alternate test procedures. This will enable DOE to "ensure that manufacturers of similar products are making energy efficiency representations using the same alternative test procedure." 83 Fed. Reg. at 39874. Because DOE determined that the waiver process alleviates the concerns that motivated the stay, DOE lifted the Administrative Stay, effective August 3, 2018. *Id.*

## ARGUMENT

**I. This Action Is Moot Because the Administrative Stay Is No Longer in Effect**

Under Article III of the Constitution, federal courts only have power to decide "cases" or "controversies." If a court is no longer capable of granting a judgment that will affect the parties' legal rights, the case is moot, and the court lacks jurisdiction over the action. *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007). Because courts are "not empowered to decide moot questions or abstract propositions," if all that remains would be for the court to "declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue" before the court, then the case is moot. *NRDC v. U.S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982) (quoting *People of State of California v. San Pablo & T.R. Co.*, 149 U.S. 308, 314 (1893)).

Here, the Administrative Stay that NRDC challenged has been lifted, and all provisions of the Test Procedures Rule are in effect. As a result, this Court is no longer capable of granting a judgment that would practically affect the parties' legal rights. *See U.S. Nuclear Regulatory Comm'n*, 680 F.2d at 814 ("[W]e can hardly order the [defendant] at this point to do something that it has already done."); *Clean Water Action v. Pruitt*, --- F. Supp. 3d ---, 2018 WL 1865919, at *10 (D.D.C. 2018) ("Because the stay was withdrawn, there is nothing for the Court to vacate.").

7

Further, any declaratory judgment by this Court as to the lawfulness of the Administrative Stay would be purely advisory. *See Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53-54 (1st Cir. 2013) ("[I]ssuance of a declaratory judgment deeming past conduct illegal is . . . not permissible as it would be merely advisory."); *U.S. Nuclear Regulatory Comm'n*, 680 F.2d at 814; *Clean Water Action*, 2018 WL 1865919, at *10. This case is therefore moot. *See Clean Water Action*, 2018 WL 1865919, at *10 (holding that APA challenge to an administrative stay issued under Section 705 was moot once the stay was withdrawn, because it was no longer possible for the court to grant the complainant effective relief); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1117 (10th Cir. 2010) (collecting cases in which the withdrawal or amendment of government action mooted a challenge to that action); *Tawwab v. Metz*, 554 F.2d 22, 23-24 (2d Cir. 1977) (withdrawal of challenged prison policy, embodied in an official document, rendered challenge moot); *Nat'l Ass'n of Home Builders v. Salazar*, 827 F. Supp. 2d 1, 7 (D.D.C. 2011) ("Ample precedent demonstrates that a lawsuit seeking declaratory and injunctive relief is moot when the challenged policy is withdrawn.").

## II. The Voluntary Cessation Doctrine Does Not Apply

Although a defendant's "voluntary cessation" of a challenged practice may give rise to an exception to mootness, that exception does not apply here. Where a defendant voluntarily discontinues a challenged action, the case is still moot if the defendant demonstrates that (1) "there is no reasonable expectation that the alleged violation will recur" and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002).

Here, there is no reasonable expectation that DOE will reissue an administrative stay of the Test Procedures Rule. DOE made clear in its notice lifting the Administrative Stay that the concerns underlying the stay will now be addressed, and in DOE's view will be better addressed,

through the waiver process. The impact of the two relevant provisions of the Test Procedures Rule on JCI is no longer a concern while JCI is subject to an interim waiver. *See* 83 Fed. Reg. at 39874. And if DOE denies JCI's amended waiver petition after the public comment period ends, DOE will have determined that the Test Procedures Rule does not, in fact, misrepresent the energy usage of JCI's products, as JCI has alleged. Thus, as DOE announced in the notice lifting the stay, DOE believes that a stay will remain unwarranted even if JCI is at a later date no longer subject to a waiver. *Id.* DOE has also determined that the waiver process, rather than a stay, is a more effective way to ensure a level playing field among manufacturers. *Id.* DOE's representation that it will now use the waiver process to address the concerns previously addressed by the stay is entitled to deference. *See Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 110 (2d Cir. 2016); *Lamar Advert. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 376 (2d Cir. 2004); *see also Rio Grande Silvery Minnow*, 601 F.3d at 116 n.15 (noting that several circuits "treat[] government officials' voluntary conduct with more solicitude than that of private actors" (internal quotation marks omitted)).

Moreover, even if DOE has the authority to reissue an administrative stay with respect to the Test Procedures Rule, that would not mean this case can continue. It is not enough that DOE has "the mere power to reenact [its] challenged policy." *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) (internal quotation marks and alterations omitted); *see also E.I. Dupont de Nemours & Co. v. Invista B.V.*, 473 F.3d 44, 47-48 (2d Cir. 2006) (the possibility that a party might, in the future, engage in a particular kind of transaction was a "contingenc[y] too speculative to avoid mootness," where the record revealed no prospect of potential transactions that the party was actively considering or negotiating); *Lamar*, 356 F.3d at 377 ("[W]e are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the

plaintiff's claims does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed . . . ."). In this case, there is no reasonable expectation that the "alleged violation" will recur.

Further, DOE's withdrawal of the Administrative Stay has eradicated the effects of the alleged violation. The harm NRDC claims in this action is the staying of two provisions of the Test Procedures Rule allegedly without proper compliance with the APA. But because the Administrative Stay has now been lifted, those provisions are no longer postponed. *See, e.g., Sussman v. Crawford*, 548 F.3d 195, 199 (2d Cir. 2008) (West Point's replacement of challenged policy with new policy correcting the alleged deficiency completely eradicated the effects of the alleged violation); *Clean Water Action*, 2018 WL 1865919, at *12 (withdrawal of Section 705 stay completely and irrevocably eradicated the effects of the allegedly unlawful stay, because the stay no longer had any legal effect). Thus, the "voluntary cessation" exception to mootness does not apply, and DOE's withdrawal of the Administrative Stay moots this action.

### III. The "Capable of Repetition, yet Evading Review" Exception Does Not Apply

The exception to mootness for actions that are "capable of repetition, yet evading review" similarly does not apply here. That exception applies "only in exceptional situations," where two criteria are met: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and alterations omitted). The "reasonable expectation of repetition must be more than a mere physical or theoretical possibility." *Id.* at 86.

Here, neither prong of the test is met. A Section 705 stay is not inherently too short in duration to allow a challenge to be litigated to completion while the stay remains in effect.

*Clean Water Action*, 2018 WL 1865919, at *13.  To the contrary, in multiple cases parties have fully litigated challenges to Section 705 stays while those stays are pending.  *See California v. U.S. Bureau of Land Management*, 277 F. Supp. 3d 1106 (N.D. Cal. 2017); *Sierra Club v. Jackson*, 833 F. Supp. 2d 11 (D.D.C. 2012).  Indeed, because Section 705 authorizes agencies to postpone the effectiveness of agency action "pending judicial review," Section 705 stays may last the full length of the proceedings for judicial review of the postponed agency action.  Additionally, as discussed above, there is no reasonable expectation that NRDC will again be aggrieved by DOE issuing a Section 705 stay of the Test Procedures Rule.  Accordingly, NRDC's challenge is not "capable of repetition, yet evading review," and this action is moot.

## CONCLUSION

For the foregoing reasons, DOE respectfully requests that the amended complaint be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Dated: New York, New York
August 23, 2018

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
    *Attorney for Defendant U.S. Department of Energy*

By:   */s/ Talia Kraemer*
    TALIA KRAEMER
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Telephone:  (212) 637-2822
    Facsimile:  (212) 637-2702
    E-mail: talia.kraemer@usdoj.gov